# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2013

No. 12-20714

Lyle W. Cayce
Clerk

LAURA HICKMAN,

Plaintiff–Appellant

v.

EXXON MOBIL

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CV-5175

Before SMITH, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Laura Hickman sued her employer, Exxon Mobil, for alleged violation of the Americans with Disabilities Act after she was terminated because of epilepsy. She claimed, *inter alia*, that Exxon Mobil had failed to engage in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20714

interactive process and had not provided a reasonable accommodation for her disability. Exxon defended, *inter alia*, on the ground that Hickman's work restrictions made her unqualified for her job because she was prone to unanticipated seizures yet was tasked with safety-sensitive and hazardous responsibilities.

Exxon Mobil moved for summary judgment. In a twenty-two-page order, the district court granted the motion, concluding, *inter alia*, that Hickman could not establish that she was qualified for the job in light of her disability work restrictions and that there were no disputed issues of material fact. The court concluded that Exxon Mobil's determination that Hickman was unqualified for her job "was based on a reasonable medical judgment and best available objective evidence and reflected an individualized assessment of Hickman's abilities" and that "Hickman points to no probative evidence suggesting that ExxonMobil could have accommodated her epilepsy."

We have reviewed the briefs, the applicable law, and pertinent portions of the record and have heard the arguments of counsel. Because this district court determination is sound, the summary judgment is AFFIRMED.